IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE ROBERTO SIGUENYA CHACON          *
8757 Georgia Avenue, Suite 400               *
Silver Spring, Maryland 20910                *
                                                             *
        PLAINTIFF                              *
                                                            *
v.                                                             *     Case No.: 18-227
                                                            *
RCJ, INC.                                           *
D/B/A STAN'S RESTAURANT                 *
1029 Vermont Avenue, NW                    *
Washington, DC 20005                           *
                                                            *
SERVE:     CATHERINE SCHWASS            *
                  1029 Vermont Avenue, NW          *
                  Washington, DC 20005               *
                                                            *
And                                                    *
                                                            *
CATHERINE SCHWASS                    *
1029 Vermont Avenue, NW                    *
Washington, DC 20005                           *
                                                            *
        DEFENDANTS.                      *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Jose Roberto Siguenya Chacon ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants RCJ, Inc. d/b/a Stan's Restaurant ("Stan's Restaurant") and Catherine Schwass ("Schwass") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Stan's Restaurant is a corporation formed under the laws of the District of Columbia.

4. At all times relevant to this action, Schwass was the primary owner, officer, and most senior manager of Stan's Restaurant. In this capacity, Schwass, individually, controlled all day-to-day operations of the restaurant, had the power to hire, fire, and discipline employees, set Plaintiff's work hours and his rate and method of pay, and was individually in charge of keeping and maintaining all employee records.

5. At all times relevant, Defendants operated continuously as an eatery in the District of Columbia.

6. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. At all times Defendants used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and at least two other employees of Defendants were

individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, both Defendants qualified as Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendants as a busboy at Stan's Restaurant in Washington, DC for the period of about 1998 through about May 2017.

13. For at least the last three (3) years of his employment, Defendants paid Plaintiff as an hourly employee at an hourly rate at or near the applicable District of Columbia minimum wage.

14. For at least the last three (3) years, Plaintiff worked on average at or about fifty-four (54) hours per week.

15. At all times during Plaintiff's employment, Defendants had actual knowledge of all hours Plaintiff worked and instructed or suffered or permitted Plaintiff to work all hours alleged in this action.

16. For at least the last three (3) years, Defendants paid Plaintiff at his regular

hourly rate for all hours Plaintiff worked each week including overtime hours worked over forty (40) per week.

17. At no time in the last three (3) years did Defendants ever pay Plaintiff at the time-and-one-half rate owed for overtime hours Plaintiff worked over forty (40) per week.

18. For the past three (3) years, Defendants failed to pay Plaintiff his "half time" overtime premiums in the total amount of about Ten Thousand Dollars ($10,000.00).

19. Without excuse or justification, Defendants failed to pay Plaintiff his final paycheck in the amount of about Five Hundred Dollars ($500.00).

20. At all times for the past three (3) years, Defendants had actual knowledge of the Federal and District of Columbia wage payment and overtime laws.

21. At all times for the past three (3) years, Defendants had actual knowledge that Defendants failure to pay Plaintiff at the time-and-one-half rate for hours worked over forty (40) per week was in direct violation of the District of Columbia and Federal overtime laws.

22. Prior to the filing of this lawsuit, Plaintiff served Defendants with a letter wherein Plaintiff identified the wages he was owed, how he calculated the wages he was owed, and requested payment by Defendants of unpaid wages and statutory damages due by Defendants to Plaintiff for the three (3) years prior to the date of the letter.

23. Defendants refused to pay Plaintiff unpaid wages and statutory damages requested in his letter.

24. Prior to the filing of this lawsuit, Plaintiff requested Defendants produce to

4

Plaintiff records relating to Plaintiff's hours worked and wages paid so that Plaintiff could refine his request for unpaid wages and statutory damages if Plaintiff's estimations in his request were not entirely accurate.

25. Defendants refused to provide Plaintiff with records of the hours Plaintiff worked or an accounting of the wages Defendants paid to Plaintiff.

26. Defendants failed and refused to take any reasonable actions to pay Plaintiff unpaid back wages due even when put on notice that back wages were due under Federal and District of Columbia law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. The FLSA required Defendants to pay Plaintiff for overtime hours at the FLSA required time-and-one-half rate.

29. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the FLSA time-and-one-half payment requirements.

30. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. The DCMWA required Defendants to pay Plaintiff for overtime hours at the DCMWA required time-and-one-half rate.

33. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the DCMWA time-and-one-half requirements.

34. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DCWPA

35. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

36. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

37. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment,

whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

38. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

39. Defendants owe Plaintiff wages for work duties performed as set forth above.

40. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

41. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*